**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HANAN SHIHEIBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-1512 (UNA) |
| | ) | |
| J.P. MORGAN CHASE BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), and *pro se* complaint (ECF No. 1). The Court GRANTS the application and DISMISSES the complaint.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669

1

(D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

This pleading alleges no meaningful facts.  Rather, plaintiff refers to correspondence and documents filed in other courts, without a statement regarding her supposed entitlement to an award of $3.3 million.  No defendant reasonably can be expected to identify the actual legal claim(s) plaintiff brings, if a claim even has survived plaintiff's loss at the state court level.  *See* Compl., Ex. (ECF No. 1-1 at 39-46).

The Court will dismiss the complaint without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.

DATE: June 1, 2026

/s/
CHRISTOPHER R. COOPER
United States District Judge

2